UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAHER W. SOLIMAN,

    Plaintiff,

    v.

MONICA PEARSON, et al.,

    Defendants.

Case No. 15-cv-02413-VC

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 5, 9

The motion to remand is granted.

Maher Soliman filed this lawsuit against Monica Pearson and Kimberly Vogel in San Francisco Superior Court. Soliman initially tried to serve Pearson on March 18, 2015 by having the summons delivered to Pearson's 16 year-old daughter. Pearson filed a motion to quash service. Soliman then filed an affidavit of service, which stated that Pearson was personally served on April 23, 2015. The Superior Court denied the motion to quash. The Superior Court did not specify which of the two service attempts was valid, but it is fair to assume the denial was based on the affidavit stating that Pearson was personally served on April 23rd. Therefore, the thirty-day period for removal began to run on that date. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 334, 348 (1999). Pearson didn't remove this case until June 1, 2015, so the removal is untimely.

Pearson contends that she was never personally served, that the affidavit of service stating she was served on April 23, 2015 is false, and that she didn't learn about the allegation of personal service until May 7, 2015. She contends the clock therefore should not start to run until at least

May 7, 2015, when she had notice of the allegation of personal service. But the Superior Court has already determined that Pearson was validly served by no later than April 23rd, and that issue cannot be relitigated here. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) ("'The federal court [takes the case as it finds it on removal and] treats everything that occurred in the state court as if it had taken place in federal court.'" (quoting *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963)); *Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC*, 2015 WL 1548833, at *5 (N.D. Cal. Apr. 7, 2015).

Alternatively, Pearson contends the thirty-day period should not begin to run until after the Superior Court issued its order on the motion to quash. There are cases that lean in different directions on this issue. *Compare FSM Dev. Bank v. Arthur*, 2012 WL 1438834, at *6 (N.D. Cal. April 25, 2012), *with Phoenix Container, L.P. v. Sokoloff*, 83 F.Supp.2d 928, 931 (N.D. Ill. 2000). But it's not clear why delay would be warranted while a motion to quash is being litigated. If a defendant is sued in state court, wishes to contest service, and also wishes to remove, the defendant is free to remove immediately without waiving the right to contest service. *See Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929); *Gerena v. Korb*, 617 F.3d 197, 202 (2d. Cir. 2010); *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 215 n.15 (5th Cir. 2005); Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3738 (4th ed. 2015); David D. Siegel, *Commentary on 1988 Revision of Section 1446*, 28 U.S.C. § 1446. In this case, Pearson could have removed the case on the same day she filed her motion to quash, or even beforehand. Accordingly, there is at a minimum serious doubt about whether delaying the start of the thirty-day period would be justified under such circumstances. And when there's real doubt about the right to remove, the case should be remanded. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Accordingly, the case is remanded to San Francisco Superior Court. The request for fees and costs is denied, because Pearson's arguments in support of removal were not wholly

2

unreasonable, and it appears the Superior Court did not give careful consideration to a potentially legitimate contention by Pearson that she was never properly served. The motion to dismiss is denied as moot.

**IT IS SO ORDERED.**

Dated: August 20, 2015

VINCE CHHABRIA
United States District Judge

3